UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LIFE INSURANCE COMPANY OF NORTH AMERICA,**

    Plaintiff,

v.                                                                          Case No: 5:21-cv-384-JSM-PRL

**WILLIAM S. SHEEHY, STEPHEN SPITZER and ZACKERY SPITZER,**

    Defendants.

## Order

In this case, Plaintiff, Life Insurance Company of North America ("LINA") has filed a complaint for Interpleader against Defendants pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1331. The underlying dispute arises from claims presented to LINA regarding an employee benefit life insurance policy for $34,000 on the life of decedent Victoria Spitzer. The insurance benefit at issue was part of an employee benefit plan under the Employment Retirement and Income Security Act ("ERISA"). The potential claimants include decedent's father, William Sheehy, and two adult children of decedent. On January 14, 2022, pursuant to prior notice, the Court held a preliminary status conference in this matter.

Plaintiff has moved for an entry of an Order permitting LINA to interplead the policy benefit into the Court's registry, enjoining the Defendants from instituting or continuing any proceedings against LINA, and dismissing LINA as a party to this action. During the preliminary status conference, Plaintiff's counsel represented that LINA will not seek attorney's fees if the motion for interpleader deposit is granted.

It is well-settled that district courts have broad and significant powers in an interpleader action. *Wachovia Bank, N.A. v. Tien*, 534 F.Supp.2d 1267, 1285 (S.D. Fla. 2007). Interpleader actions are designed to protect stakeholders from harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim, among many, has merit. *State Farm Fire & Casualty v. Tashire*, 386 U.S. 523, 534 (1967). The purpose of an interpleader action is to "allow the contesting parties to have their rights determined in a court of equity so as to protect the plaintiff from double liability, and to preserve the rights of any claimant to the fund ...." *Johnson v. Johnson*, 139 F.2d 930, 933 (5th Cir.1943). And, the Supreme Court has stated that the federal interpleader statute "is remedial and to be liberally construed." *Tashire*, 386 U.S. at 533.

An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for a rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. *Star Insurance Co. v. Cedar Valley Express*, LLC, 273 F.Supp.2d 38, 41 (D.D.C.2002). District courts addressing the first phase of an interpleader action may also determine if the stakeholder is disinterested and, if so, discharge it from liability and dismiss it from the action. This practice is particularly common in cases involving competing claims to life insurance proceeds where the interpleading insurers – as disinterested stakeholders – deposit the res into the court's registry and request immediate dismissal from the action. *See e.g., John Alden Life Ins. Co. v. Vanlandingham*, 2006 WL 1529047 at *5 (M.D.Fla. May 30, 2006) (granting plaintiff's motion for interpleader and fees and noting that plaintiff, as a disinterested stakeholder, was entitled to early dismissal from case with prejudice); *Dunn v. Harris Corp.*,

560 F.Supp.2d 1260, 1262 (M.D.Fla.2008) (noting that disinterested stakeholder's motion for interpleader was granted and that stakeholder was entitled to be dismissed from case).

Here, Plaintiff has established that there is a single fund at issue, and that there are adverse claimants to that fund. During the hearing, Plaintiff's counsel represented that LINA's position is that the plain language of the policy would direct payment of the funds to decedent's two adult sons. Decedent's father, however, has asserted a claim to the policy. Indeed, Mr. Sheehy appeared at the hearing and stated that he believes he has a claim and/or lien against the policy proceeds. Further, the motion for interpleader deposit is unopposed by the parties who have appeared in this action.

Accordingly, the Court finds that Plaintiff's motion for interpleader deposit (Doc.19) is due to be GRANTED.   It is ORDERED AND ADJUDGED that:

1. Plaintiff, LIFE INSURANCE COMPANY OF NORTH AMERICA, is granted leave to deposit the subject insurance proceeds in the amount of $34,000 from Group Insurance Policy FLX-960637, with the Court.

2. All parties in privity with LIFE INSURANCE COMPANY OF NORTH AMERICA, or claiming they are such parties, are permanently enjoined pursuant to 28 U.S.C. § 2361 from making demand or instituting and prosecuting any other proceeding against Plaintiff, LIFE INSURANCE COMPANY OF NORTH AMERICA, in any court, federal or state, for the recovery of all or part of the proceeds of Group Policy Number FLX-960637.

3. Upon deposit of the insurance proceeds and interest set forth above, this Court hereby orders that Plaintiff shall be released and discharged from any further liability upon its

- 4 -

policy and relative to the death of Victoria Spitzer and be dismissed with prejudice from this cause of action.

4.  This Court retains jurisdiction of this cause for the determination of the rights of the respective defendants in and to the funds on deposit in the registry of this Court.

5.  This case will proceed pursuant to the Scheduling Order (Doc. 24) entered January 19, 2022.

**DONE** and **ORDERED** in Ocala, Florida on January 21, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties