UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Plaintiff,

v.                                                  Case No: 5:21-cv-384-JSM-PRL

WILLIAM S. SHEEHY, STEPHEN
SPITZER, and ZACKERY SPITZER,

    Defendants.

## ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation submitted by Magistrate Judge Philip R. Lammens (Dkt. 32) and William S. Sheehy's Objection to the Report and Recommendation and Request for Oral Argument (Dkt. 33).

After careful consideration of the Report and Recommendation of the Magistrate Judge, Mr. Sheehy's Objection, and in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted in part and rejected in part.

Specifically, the Court concludes that all of the life insurance proceeds should be paid directly to claimant William Sheehy, in accordance with the Assignment of Life Insurance Proceeds (Dkt. 10-5) executed by claimant Stephen Spitzer. To understand the Court's reasoning, the Court briefly summarizes the facts.

This case is currently at the second stage of the interpleader action and the matter is ripe for adjudication of the parties' respective rights. The claimants are Zackery Spitzer (who never appeared and has been defaulted by a Clerk's default), William Sheehy, and Stephen Spitzer. William Sheehy and Stephen Spitzer appeared in this action and filed answers to the complaint. They jointly seek summary judgment in their favor and agree that all of the subject funds should be paid directly to William Sheehy pursuant to Stephen Spitzer's assignment. Notably, Zackery Spitzer did not respond to the motion for summary judgment and has never expressed an interest in or entitlement to the subject funds.

It is undisputed that there was no named beneficiary on the subject life insurance policy, that Decedent did not have a surviving spouse, and that Decedent was survived by her two adult sons, Zackery Spitzer and Stephen Spitzer. William Sheehy is the Decedent's father. The Magistrate Judge concluded that, because the subject policy makes clear that: "Death benefits will be paid to the first surviving class of the following living relatives: spouse, child or children; mother or father; brother or sisters; or to the executors or administrators of the Insured's estate" (Dkt. 1-1 at 17), Zackery Spitzer and Stephen Spitzer were entitled to equal shares of the death benefit of $34,000. (Dkt. 32). The Magistrate Judge correctly noted that William Sheehy did not have legal entitlement to the funds under the clear language of the subject policy and that his arguments to the contrary were without merit.

The Magistrate Judge also concluded that Zackery Spitzer's default in this case did not alter his entitlement to his equal share of the subject funds. So, the Magistrate Judge

recommended that half of the funds should be disbursed to Zackery Spitzer and the other half disbursed to William Sheehy pursuant to Stephen Spitzer's assignment of his portion of the funds to William Sheehy. The Court rejects the Magistrate Judge's report and recommendation to the extent that the Magistrate Judge concluded that Zackery Spitzer was entitled to half of the funds.

The Report and Recommendation did not consider that the default rules are more nuanced in an interpleader action. Based on the Court's review of the relevant caselaw, it is clear that a named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that might have been asserted. This is so regardless of whether that defaulting defendant is actually entitled to the funds under the applicable law. *See Metro. Life Ins. Co. v. Prewitt*, No. 18-CV-81402, 2019 WL 917430, at *2 (S.D. Fla. Feb. 25, 2019) (collecting cases); *see also Transamerica Premier Life Ins. Co. v. Covert*, No. 1:19-CV-110-AW-GRJ, 2020 WL 968691, at *4–*5 (N.D. Fla. Jan. 6, 2020) (noting that "[t]he default necessarily forfeits any claim to the res by the defaulting defendant as part of a final distribution of the res"); *Trustmark Ins. Co. v. White*, No. 3:18-CV-1177-J-34JBT, 2019 WL 4921106, at *4 (M.D. Fla. Sept. 10, 2019); *Conseco Life Ins. Co. v. Murphy-Moreno*, Case No. 6:13-cv-161-Orl-31GJK, 2013 WL 3353325, at *1 (M.D. Fla. July 2, 2013) ("The failure of a named interpleader defendant to ... assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted.") (quotations omitted); *Protective Life Ins. Co. v. Tinney*, No. 2:14-cv-02251-TMP, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2012); *Unicare Life & Health*

3

*Ins. Co. v. Galvan*, No. 1:11-cv-61-SPM-GRJ, 2011 WL 6258845, at *1 (N.D. Fla. July 15, 2011), *report and recommendation adopted*, 2011 WL 6258822, at *1 (Dec. 15, 2011).

It is undisputed that Stephen Spitzer and William Sheehy are the only claimants seeking the res, i.e., the life insurance proceeds in the amount of $34,000. Under the applicable law, Zackery Spitzer's default extinguishes any entitlement he had to the res. Stephen Spitzer and William Sheehy have agreed that Stephen Spitzer is entitled to all of the funds by virtue of Zackery Spitzer's failure to make a claim for his portion of the res. The record is undisputed that Stephen Spitzer assigned his portion of the res to William Sheehy. The joint motion for summary judgment attaches the applicable documents establishing the assignment. The Court therefore concludes that the joint motion should be granted in its entirety.

**ACCORDINGLY**, it is therefore, **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation (Dkt. 32) of the Magistrate Judge is adopted in part and rejected in part, and is made a part of this order for all purposes, including appellate review.

2. William Sheehy and Stephen Spitzer's Joint Motion for Summary Judgment (Dkt. 29) is granted to the extent that Zackery Spitzer's default in this action entitles Stephen Spitzer to the entirety of the subject insurance policy proceeds in the amount of $34,000.

3. The Court construes William Sheehy's Motion for Default against Zackery Spitzer (Dkt. 30) as a motion for default judgment and grants the motion to the extent that

the Court hereby enters a default judgment against Zackery Spitzer for his failure to appear in this action and his failure to assert any claim to the subject insurance policy proceeds.

4. In accordance with the Assignment of Life Insurance Proceeds (*See* Dkt. 10-5, Dkt. 29) executed by Stephen Spitzer, Stephen Spitzer's portion of the life insurance proceeds ($34,000) should be paid to William Sheehy.

5. The Clerk of Court is directed to distribute the funds being held in the Court Registry, including any interest, to William Sheehy.

6. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this June 29, 2022.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record